IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL DARNELL OLIVER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:24cv298-MHT |
| ) | (WO) |
| **CAM WARD, et al.,** ) | |
| ) | |
| Defendants. ) | |

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, an inmate, filed this lawsuit contending that he has been improperly denied parole and a low security level that would allow him to participate in work release.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that, pursuant to the 'three strikes' provision set forth in 28 U.S.C. § 1915(g), plaintiff's motion for leave to proceed in forma pauperis be denied and the case be dismissed without prejudice for failure to pay the filing and administrative fees upon initiation of the case.  Also before the court are plaintiff's objections to the

recommendation, in which he asserts that his complaint should not be dismissed under section 1915(g) because he is under imminent danger of serious physical injury.

After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled and the magistrate judge's recommendation adopted. Although plaintiff asserts in his objections that he is in imminent danger, these assertions are unrelated to the allegations in his complaint, and accordingly are not relevant to the court's assessment of whether section 1915(g) applies to his case. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (explaining that, in applying 28 U.S.C. § 1915(g), "the issue is whether his *complaint*, as a whole, alleges imminent danger of serious physical injury." (Emphasis added.)).

An appropriate judgment will be entered.

DONE, this the 28th day of June, 2024.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**